# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:19-cr-00034-MO** |
| **v.** | **ORDER FOR COMPETENCY AND INSANITY EXAMINATIONS** |
| **JONATHAN ARMAND HARRIS,** | |
| **Defendant.** | |

This matter came before the Court on the government's motion for an evaluation of defendant's mental competency under 18 U.S.C. § 4241(a), and for an examination under 18 U.S.C. § 4242(a) and Fed. R. Crim. P. 12.2 to determine defendant's sanity at the time of the offense.

On January 23, 2020, defendant filed pro se a notice of his intent to produce expert testimony in relation to an insanity defense (ECF No. 107), which the Court construed as a notice under Fed. R. Crim. P. 12.2(a) (ECF No. 113). At the hearing on the government's motion, defendant withdrew his intention to raise an insanity defense at trial. Thus, if defendant intends to present expert testimony on the issue of his mental condition at trial, it would fall within Fed. R. Crim. P. 12.2(b).

After considering the government's motion and the arguments of both parties, the Court finds, pursuant to 18 U.S.C. § 4241(a), that there is reasonable cause to believe defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to prepare and properly assist standby counsel in the preparation of his defense. Therefore,

IT IS ORDERED that pursuant to 18 U.S.C. § 4241(b), a psychiatric or psychological examination of defendant be conducted by a licensed or certified psychiatrist or psychologist to determine defendant's competency to proceed to trial, and that a psychiatric or psychological report be filed with the court, pursuant to the provisions of 18 U.S.C. § 4247(b) and (c).

IT IS FURTHER ORDERED that pursuant to Fed. R. Crim. P 12.2(c), a psychiatric or psychological examination of defendant be conducted to determine whether at the time of the offense charged in the indictment, defendant was suffering from a severe mental disease or defect such that he could not appreciate the nature and quality or the wrongfulness of his acts.

IT IS FURTHER ORDERED that pursuant to 18 U.S.C. § 4247(b), the defendant is committed to the custody of the Attorney General for placement at a suitable facility for a reasonable period, not to exceed 30 days to conduct the competency evaluation, and 45 days for the insanity evaluation (exclusive of the time required for transportation to and from the facility), unless a reasonable extension is sought by the director of the facility for good cause shown, for purposes of conducting the aforementioned examinations.

IT IS FURTHER ORDERED that after the examinations are conducted, a hearing will be held to determine defendant's competency and to schedule further proceedings as necessary.

ORDERED this _____ day of February 2020.

_____
THE HONORABLE MICHAEL W. MOSMAN
United States District Judge

Presented by:

BILLY J. WILLIAMS
United States Attorney

*s/ Gregory R. Nyhus*
GREGORY R. NYHUS, OSB#913841
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the proposed Order for Competency and Insanity

Examinations and certificate of service were placed in a postage prepaid envelope and deposited

in the United States mail on February __4th__ , 2020, in Portland, Oregon, addressed to:

**INMATE MAIL**
Jonathan Armand Harris
SWIS #788367
11540 NE Inverness Dr.
Portland, OR 97220


Respectfully submitted,

BILLY J. WILLIAMS
United States Attorney


*/s/ Gregory R. Nyhus*
GREGORY R. NYHUS, OSB #91384
ASHLEY R. CADOTTE, OSB #122926
Assistant United States Attorneys